UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

JOSEPH F. CRUMP,

              Plaintiff,         Civil No. 16-362(NLH/AMD)

v.

                                  **OPINION**

BANK OF AMERICA,
doing business as
BAC HOME LOAN SERVICING, LP,
SETERUS, INC., TRANSUNION, EQUIFAX
INFORMATION SERVICES, LLC, and
EXPERIAN, et al.,

              Defendants.

_____

**APPEARANCES:**

JOSEPH P. GRIMES
JOSEPH P. GRIMES, ESQUIRE, LLC
P.O. BOX 1090
628 PARDEE LANE
HADDONFIELD, NJ 08033
    On behalf of plaintiff

JASON ROBERT LIPKIN
WINSTON & STRAWN LLP
200 PARK AVENUE
NEW YORK, NY 10166
    On behalf of defendant Bank of America, N.A.

THOMAS R. DOMINCZYK
MAURICE WUTSCHER, LLP
5 WALTER E. FORAN BOULEVARD
SUITE 2007
FLEMINGTON, NJ 08822-4672
    On behalf of defendant Seterus, Inc.

**HILLMAN, District Judge**

    Presently before the Court are the motions of two defendants, Bank of America, N.A. ("BANA"), and Seterus, Inc., to dismiss plaintiff's complaint, which concerns BANA's notice of intent to

foreclose on plaintiff's property and BANA's reporting of this event to credit reporting agencies, all of which plaintiff claims was in error and in violation of New Jersey state law.  One of the credit reporting agencies, defendant Trans Union, LLC, removed plaintiff's complaint from state court to this Court, citing 28 U.S.C. § 1331 as the basis for jurisdiction.  Trans Union asserted that plaintiff's claims against it implicated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and therefore the Court has federal question jurisdiction over plaintiff's claims.  Plaintiff's state court complaint, however, only asserts claims arising under state law for consumer fraud and negligent infliction of emotional distress, and it cites no federal law or statute.

   The Court issued an Order to Show Cause to Trans Union, requiring that it articulate how plaintiff's claims arise under the FCRA, or how the FCRA "wholly displaces the state-law cause[s] of action through complete pre-emption," Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003), so that subject matter jurisdiction may be premised on § 1331.  Trans Union filed a submission in response to the Court's Order.

   Since that time, plaintiff filed stipulations of dismissal as to Trans Union, as well as the other two credit reporting agency

2

defendants, Equifax and Experian.[1]  BANA and Seterus filed motions to dismiss plaintiff's complaint.  Plaintiff then filed a motion for leave to amend his complaint.  These motions are pending.

As a result of this procedural history, a subject matter jurisdiction puzzle has developed.  Trans Union removed plaintiff's state law based claims on the premise that plaintiff's state law claims against Trans Union are completely preempted under the FCRA.  Trans Union argued that because plaintiff alleges that Trans Union reported inaccurate information on his credit file concerning the default or delinquency of his mortgage, and then failed to conduct a reasonable reinvestigation upon receiving his dispute, plaintiff's claims and allegations clearly come within the scope of §§ 1681e(b) and 1681i of the FCRA, which requires credit reporting agencies like Trans Union to "follow reasonable procedures to assure maximum possible accuracy of the information [they report]," 15 U.S.C. § 1681e(b), and "conduct a reasonable reinvestigation to determine whether [ ] disputed information is inaccurate" upon receiving a dispute from a consumer, 15 U.S.C. § 1681i.  Trans Union, however, is no longer in the case.

Defendant BANA is the lender which provided plaintiff with a $150,000.00, 30-year loan for plaintiff's property located at 900

---

[1] Equifax and Experian filed motions to dismiss plaintiff's claims against them.  Those motions were rendered moot by the subsequent stipulations of dismissal.  See Docket No. 47.

Wilton Drive, Baltimore, Maryland.  According to plaintiff, BANA assigned the loan to Seterus.  Plaintiff claims that BANA's payment of an outstanding sewer bill and wrongful escrow charge resulted in a wrongful issuance of a notice of intent to foreclose and wrongful reporting of the loan as in default status. Plaintiff claims that Seterus wrongly reported to credit reporting agencies that his mortgage is in default, which has damaged his credit.  Plaintiff claims that BANA's and Seterus' actions constitute negligent and intentional infliction of emotional distress, common law fraud, and violations of the New Jersey Consumer Fraud Act.

   BANA has moved to dismiss plaintiff's claims against it for his failure to plead any viable claims under state law.  In its moving papers, BANA does not argue that plaintiff's claims against it implicate federal law.  In its motion to dismiss, Seterus argues that plaintiff's claims against it are preempted by the FCRA, and that plaintiff's claims also do not state any viable claims against it under state law.

   In response to BANA's and Seterus' motions to dismiss, plaintiff states that the claims he filed in state court were based only on state law, but that because the "[d]efendants removed this matter alleging that the gist of the case was governed by the Fair Debt Collection Practices Act ('FDCPA') and therefore federal question jurisdiction existed," plaintiff "has

4

acquiesced to the jurisdiction of the Court"[2] and "seeks to amend the complaint to remove the dismissed defendants from the action and to assert FDCPA claims as against the remaining two defendants as these defendants contend in their Motions to Dismiss that the present action properly sounds under the FDCPA." (Docket No. 23 at 1-2.)

The problem with plaintiff's requests are three-fold. First, the basis for jurisdiction when Trans Union removed plaintiff's case was under the Fair Credit Reporting Act, and not the Fair Debt Collections Practices Act. Second, neither BANA nor Seterus has argued that plaintiff's claims sound under the FDCPA. Third, even though the Court appreciates plaintiff's efforts to clean-up the debris from all the procedural maneuvers, plaintiff cannot acquiesce to the jurisdiction of this Court if none exists. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court[;] [t]hus, the consent of

---

[2] If a plaintiff wishes to assert claims for violations of federal law, he is not required to "acquiesce" to his case being in federal court, aside from a defendant properly removing the action, because the state court may consider claims for violations of the FDCPA and FCRA. See, e.g., DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 64 A.3d 579, 582 (N.J. Super. App. Div. 2013) (considering issue of first impression regarding the interpretation of the FDCPA and what constitutes a consumer debt as defined by the FDCPA); Laracuente v. Laracuente, 599 A.2d 968 (N.J. Super. Law. Div. 1991) (concerning customer's action against a retail department store for violations of the FCRA).

the parties is irrelevant.").

The Court is faced with several issues:

(1) Trans Union removed plaintiff's complaint under the premise that the FCRA preempted plaintiff's claims against it as a credit reporting agency. But Trans Union and the other two credit reporting agencies are no longer part of the case, and plaintiff himself does not argue that any of his claims implicate the FCRA, which is the purported basis for subject matter jurisdiction. The basis for subject matter jurisdiction over plaintiff's complaint has not been concretely established.

(2) If the Court can exercise subject matter jurisdiction over plaintiff's case, the Court will be required to apply Federal Civil Procedure Rule 15 to assess whether plaintiff should be permitted to amend his complaint to add claims against BANA and Seterus for violations of the FDCPA, and eliminate his claims under the NJCFA, but keep state law based claims for common law fraud and negligent infliction of emotional distress.

(3) If the basis for removal jurisdiction by Trans Union remains questionable, the issue becomes whether there exists another basis for jurisdiction, by way of diversity of citizenship or federal question under the FDCPA.

Before getting to the second two issues, however, the Court needs to answer the first question as to whether subject matter jurisdiction exists by way of Trans Union's removal of plaintiff's

6

complaint as it existed at the time of removal. "A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." Trent Realty Associates v. First Fed. Sav. & Loan Ass'n of Philadelphia, 657 F.2d 29, 36 (3d Cir. 1981) (citing American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951); Mansfield, Coldwater & Lake Michigan Railway v. Swan, 111 U.S. 379 (1884)).

The law governing the removal of state cases to federal court is well-established. 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, a civil action filed in state court may be removed to federal court if the claim is one "arising under" federal law. 28 U.S.C. § 1441(b). To determine whether the claim arises under federal law, a court must examine the "well pleaded" allegations of the complaint and ignore potential defenses: "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003) (citations omitted) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). One exception to the well-pleaded complaint rule occurs when a federal statute completely preempts the plaintiff's claim.

7

This is because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  Beneficial National Bank, 539 U.S. at 8.

To determine the existence of subject matter jurisdiction, the nature of plaintiff's claim must be evaluated on the basis of the record as it stands at the time the petition for removal is filed.  Westmoreland Hosp. Ass'n v. Blue Cross of W. Pennsylvania, 605 F.2d 119, 123 (3d Cir. 1979) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).  The fact that federal claims that were the basis for the removal are dropped during subsequent proceedings does not automatically deprive the district court of jurisdiction.  Felice v. Sever, 985 F.2d 1221, 1225 (3d Cir. 1993).  Under § 1367(c), however, "[t]he district court may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."[3]  A district court's decision whether to

---

[3] Section 1367(c) provides,

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

8

continue exercising jurisdiction over state law claims when the federal claims have been dismissed is purely discretionary. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Moreover, when federal claims are no longer part of a case, a district court should usually decline to exercise its jurisdiction to hear supplemental claims absent extraordinary circumstances. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[T]he district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

To resolve the first issue facing the Court, the Court finds that subject matter jurisdiction existed at the time Trans Union filed its petition for removal.  Plaintiff's complaint alleges that Trans Union and the other credit reporting agencies reported inaccurate information provided by BANA and Seterus on plaintiff's credit file, and then failed to properly investigate his disputes of the inaccurate reporting.  These allegations implicate §§ 1681e(b) and 1681i of the FCRA, which require that credit reporting agencies "follow reasonable procedures to assure maximum possibly accuracy of the information [they report]," 15 U.S.C. §

---

  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

9

1681e(b), and that they "conduct a reasonable reinvestigation to determine whether [ ] disputed information is inaccurate" upon receiving a dispute from a consumer, 15 U.S.C. § 1681i.  Because the FCRA preempts state law claims based on alleged violations of these requirements, plaintiff's state law claims against Trans Union were really based on federal law, thus conferring subject matter jurisdiction over the action under § 1331.  See, e.g., Annecharico v. Bank of Am., N.A., 2012 WL 1677242, at *1 (D.N.J. May 11, 2012) (citing cases) (defendant removed the plaintiff's state law claims on the premise that his state law claims were preempted by the FCRA).

By plaintiff dismissing his claims against Trans Union and the other credit reporting agencies, plaintiff has dropped all claims that were said to be FCRA claims, which served as the basis to confer subject matter jurisdiction at the time of removal.  As recounted above, this does not instantly strip the Court of subject matter jurisdiction.  But because the claims conferring jurisdiction have dropped from the case, only state law based claims against BANA and Seterus remain, and the Court must assess whether it will exercise continuing jurisdiction over the action.

As it stands now, plaintiff's complaint contains state law claims against BANA and Seterus for violations the NJCFA and for common law fraud and negligent infliction of emotional distress.  The Court has supplemental jurisdiction to hear these claims, but

10

the Court may decline to continue exercising it based on considerations of judicial economy, convenience, and fairness to the parties. Prior to making the assessment of whether to continue exercising supplemental jurisdiction, however, the Court must consider plaintiff's motion for leave to file an amended complaint. Plaintiff now wishes to amend his complaint to add a federal claim under the FDCPA against BANA and Seterus, eliminate his claims under the NJCFA, but keep state law based claims for common law fraud and negligent infliction of emotional distress.

As noted above, plaintiff's request to add FDCPA claims against BANA and Seterus is because (1) "[d]efendants removed this matter alleging that the gist of the case was governed by the Fair Debt Collection Practices Act ('FDCPA')," and (2) "defendants contend in their Motions to Dismiss that the present action properly sounds under the FDCPA." (Docket No. 23 at 1-2.) The problems with plaintiff's argument are that the removing defendant removed the case based on the Fair Credit Reporting Act, not the Fair Debt Collections Practices Act, and neither BANA nor Seterus argue that plaintiff's claims implicate the FDCPA. Nonetheless, the Court will assess whether plaintiff may amend his complaint to add a claim for violations of the FDCPA.

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

11

The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff's amendment to add FDCPA[4] claims against BANA and Seterus would be futile.  In the context of plaintiff's claims regarding the default of, and the reporting of the default of, plaintiff's mortgage because of erroneous sewer charges from the city of Baltimore, which were ultimately corrected, BANA and Seterus are not considered "debt collectors" under the FDCPA. See Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (explaining that "the FDCPA's provisions generally apply only to 'debt collectors,'" and "[c]reditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA") (citing

---

[4] The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.  The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Id.

Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000); Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection ... are not subject to the Act.... Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own."); Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf."); Hon. D. Duff McKee, Liability of Debt Collector to Debtor under the Federal Fair Debt Collection Practices Act, 41 Am.Jur. Proof of Facts 3d 159, at § 3 (1997) ("[I]nterestingly, the term 'debt collector' does not include the creditor collecting its own debt.")); Spyer v. Navient Sols., Inc., 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016) (citing Tutanji v. Bank of Am., 2012 WL 1964507, at *3 (D.N.J. May 31, 2012) (citing 15 U.S.C. § 1692a(6)(F) (the term "debt collector" does not include: "any person collecting or attempting to collect any debt owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person....")).

Moreover, even if they could be considered debt collectors, their activities as alleged by plaintiff in his amended complaint do not implicate the FDCPA, as they only concern their actions relating to the erroneous sewer bills from Baltimore and the resulting tax escrow, rather than any false, deceptive, or misleading means in collecting his loan obligations. See, e.g., Zieger v. J.A. Cambece Law Office, P.C., 2015 WL 3647267, at *4 (D.N.J. June 12, 2015) (dismissing plaintiff's FDCPA claim because it was premised on the same allegations of its unavailing FCRA claim that alleged that the defendants knew they had no permissible purpose to obtain his consumer credit report).

Thus, because the addition of claims against BANA and Seterus under the FDCPA, as alleged in his proposed amended complaint, are not viable, the Court will deny plaintiff's motion for leave to file an amended complaint as to the addition of FDCPA claims against the remaining two defendants.[5]  What is left of plaintiff's case are his state law claims for fraud and negligent infliction of emotional distress against BANA and Seterus.

The Court finds that because (1) the party that removed the action is no longer in the case, (2) the basis for original subject matter jurisdiction – the FCRA – is no longer implicated,

---

[5] The Court does not opine as to whether plaintiff could assert claims against BANA and Seterus for FDCPA actions under a set of facts different from those in his current proposed amended complaint, which mainly concern how the reporting of his account status affected his credit and his health.

14

(3) no other federal claims are advanced in this action, (4) the case requires the analysis of state law, and (5) the case is still in the early pleading stages, the Court will decline to exercise its continuing jurisdiction over plaintiff's state law claims. Thus, the case will be remanded to state court.  <u>See</u> 28 U.S.C. § 1367(c); <u>Borough of W. Mifflin v. Lancaster</u>, 45 F.3d 780, 788 (3d Cir. 1995) (a district court should usually decline to exercise its jurisdiction to hear supplemental claims absent extraordinary circumstances).

    An appropriate Order will be entered.


Date:  September 14, 2016        s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.